**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X
AARON WETHERINGTON,

                      Plaintiff,

  -against-

LOWE'S HOME CENTERS, LLC, JOHN DOE
1-10; JANE, DOE 1-10; ABC CORP. 1-5, XYZ
CORP. 1-5, (FICTITIOUS NAMES),

                         ,

                Defendants.
---------------------------------------------------------X

CIVIL ACTION NO.:

**NOTICE OF REMOVAL**

**TO:**    **United States District Court**
         **District of New Jersey**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Lowe's Home Centers, LLC ("Lowe's"), by and through its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Superior Court of New Jersey, Law Division, Hudson County, in which the above-captioned matter is now pending, to the United States District Court for the District of New Jersey. In support of said Notice of Removal, Lowe's states as follows:

**Nature of Action**

1. Plaintiff commenced this action on March 24, 2021 by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, bearing Docket No.: HUD-L-1179-21. (A copy of Plaintiff's Complaint is Exhibit "A".) In the Complaint, Plaintiff named "Lowe's Home Improvement" and "Lowe's Companies, Inc." as defendants. *Id*.

2. On April 22, 2021, Plaintiff filed a First Amended Complaint naming "Lowe's Home Centers, LLC" as a defendant, in place of "Lowe's Home Improvement" and "Lowe's Companies, Inc." (A copy of Plaintiff's First Amended Complaint is Exhibit "B".)

3. In this action, Plaintiff, Aaron Wetherington, alleges that he was injured on September 20, 2019 at the Lowe's in North Bergen, NJ. (See Exhbit "B", First Amended Complaint.) In his Complaint, Plaintiff alleges that an employee of Lowe's "cut ties to PVC pipes, causing a collapse of the pipes and causing plaintiff to suffer injuries when he tripped and fell." (See Exhibit "B," First Amended Complaint, ¶ 6.)

## Timeliness of Removal

4. Lowe's received Plaintiff's Complaint on March 26, 2021 and Plaintiff's First Amended Complaint on April 22, 2021.

5. As provided by 28 U.S.C. § 1446(b)(1), this Notice is being filed within 30 days after Lowe's receipt of Plaintiff's Complaint. Therefore, Lowe's Notice of Removal is timely.

## Amount in Controversy

6. In accordance with *R*. 4:5-2 of the Rules Governing the Courts of the State of New Jersey, Plaintiff's Complaint and Plaintiff's First Amended Complaint both demand damages generally without specifying the amount. (See Exhibit "A," Plaintiff's Complaint, and Exhibit "B". Plaintiff's First Amended Complaint.)

7. In the Complaint and First Amended Complaint, Plaintiff alleges that he

> was caused to sustain severe and permanent injuries; has suffered, continues to suffer and will in the future suffer great pain and mental anguish; has incurred, continues to incur, and will in the future incur large medical expenses in an effort to cure himself of his said injuries; has been prevented, continues to be prevented and will in the future be prevented from engaging in his usual activities, and was otherwise damaged.

(See Exhibit "A", Complaint, ¶ 8, and Exhibit "B", First Amended Complaint, ¶ 8.)

8. In *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516 (D.N.J. 1998), this Court noted that

> [i]n the context of a personal injury suit between diverse parties . . . "courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue" and trigger the running of the thirty-day removal period.

*Id*. at 521 (citations omitted).

9. On April 13, 2021, Lowe's served a Demand for Written Statement of Damages on Plaintiff. (See Exhibit "C", Demand for Written Statement of Damages.) To date, however, Plaintiff has not responded to Defendant's Demand for Written Statement of Damages.

10. Although neither the Complaint nor First Amended Complaint specifies the amount of damages sought by Plaintiff, based on the allegations contained in the Complaint and First Amended Complaint regarding Plaintiff's damages, including "severe and permanent personal injuries," Plaintiff will, upon information and belief, claim that an amount in excess of the jurisdictional amount is at issue.

## Diversity of Citizenship

11. Plaintiff, who resides in Bronx, New York, is a resident of the state of New York. (See Exhibit "B", ¶ 1.)

12. Defendant, Lowe's Home Centers, LLC, is a limited liability company registered in North Carolina. (A true and correct copy of the Declaration of Paul W. Lombardi, Esq. (the "Lombardi Decl.") is Exhibit "D".)

13. It is well-established law that a limited liability company's citizenship for diversity purposes is defined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 430 (3d Cir. 2010).

14. Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (See Exhibit "D," Lombardi Decl.)

15. Lowe's Companies, Inc. is a North Carolina corporation. *Id*.

16. Lowe's Companies, Inc.'s registered office for service is 327 Hillsborough Street, Raleigh, North Carolina. *Id*.

17. Lowe's Companies, Inc.'s principal place of business is 1000 Lowe's Boulevard, Mooresville, North Carolina. *Id*.

18. Therefore, for the purposes of diversity jurisdiction, Defendant, Lowe's Home Centers, LLC, adopts the citizenship of its single member, making Lowe's Home Centers, LLC citizen of North Carolina.

19. Plaintiff is, and was on the date of the filing of the Complaint and First Amended Complaint, a citizen of New York. Defendant is, as was on the date of the filing of the Complaint and First Amended Complaint, a citizen of North Carolina.

20. Consequently, there exists diversity of citizenship for this Court to have jurisdiction over this matter.

### Plea for Removal

21. Insofar as the amount in controversy is alleged to exceed $75,000.00 and full diversity exists between the parties, removal is proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Contemporaneously herewith, written notice is given to Plaintiff's counsel and to the Clerk of the New Jersey Superior Court, Hudson County, that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendant, Lowe's Home Centers, LLC, files this Notice of Removal so that the entire state court action under Docket No.: HUD-L-1179-21, now pending in the New

Jersey Superior Court, Law Division, Hudson County, shall be removed to this Court for all further proceedings.

| | |
|---|---|
| Dated: April 23, 2021 | /s/Gregory B. Gilmore<br>Gregory B. Gilmore, Esq.<br>GOLDBERG SEGALLA LLP<br>1037 Raymond Boulevard<br>Suite 1010<br>Newark, New Jersey 07102<br>(973) 681-7010<br>(973) 681-7101 (fax)<br>ggilmore@goldbergsegalla.com<br>*Attorneys for Defendant, Lowe's Home Centers, LLC* |

To: Clerk
Hudson County Superior Court
595 Newark Avenue
Jersey City, New Jersey 07306

Marvin R. Walden, Esq.
GREENBERG & WALDEN
425 59th Street
West New York, New Jersey 07093
mwalden@greenberg-walden.com

## **CERTIFICATE OF SERVICE**

      I, Gregory B. Gilmore, Esq., hereby certify that April 23, 2021, I caused to be served via electronic mail and regular mail a true and accurate copy of the foregoing Notice of Removal, with attachments, on:

    Marvin R. Walden, Esq.
    GREENBERG & WALDEN
    425 59th Street
    West New York, New Jersey 07093
    mwalden@greenberg-walden.com

      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated: April 23, 2021                            /s/Gregory B. Gilmore
                                                      Gregory B. Gilmore

29764209.v1